

NORTHERN DISTRICT OF TEXAS
FILED

SEP - 1 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BILLY JAMES JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-076-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner, Billy James Jones, a state

prisoner confined in the Correctional institutions Division of

the Texas Department of Criminal Justice (TDCJ), against William

Stephens, Director of TDCJ, respondent.  After having considered

the pleadings, state court records, and relief sought by

petitioner, the court has concluded that the petition should be

denied.

### I.  Factual and Procedural History

In February 2013 petitioner was charged by indictment in

Parker County, Texas, with felony driving while intoxicated

(DWI).  The indictment alleged, in relevant part, that

petitioner, on or about December 23, 2012,-

> did heretofore then and there drive and operate a motor
> vehicle in a public place while the said defendant was
> intoxicated,
>
> and it is further presented in and to said Court that
> prior to the commission of the aforesaid offense by the
> said BILLY JAMES JONES, on the 20th day of July, 1977,
> in the County Court At Law No. 1, Travis County, Texas,
> Cause No. 161-259, the said Billy James Jones was
> convicted of the offense of Driving While Intoxicated
> and said conviction became final prior to the
> commission of the aforesaid offense;
>
> and it is further presented in and to said Court that
> prior to the commission of the aforesaid offense by the
> said BILLY JAMES JONES, on the 20th day of July, 1977,
> in the County Court At Law No. 1, Travis County, Texas,
> Cause No. 162-962, the said Billy James Jones was
> convicted of the offense of Driving While Intoxicated
> and said conviction became final prior to the
> commission of the aforesaid offense; . . . .

Adm. R., Writ 36-37, ECF No. 17.  The indictment also included

two felony-enhancement paragraphs, alleging a prior 2011 felony

conviction for DWI and a prior 1990 felony conviction for

unlawful delivery of a controlled substance in Dallas County.

*Id.*

On June 13, 2013, pursuant to a plea bargain agreement,

petitioner pleaded guilty to the offense and true to the

enhancement paragraphs, and the trial court assessed his

punishment at 28 years' confinement.  *Id.* at 38-43.  Petitioner

did not directly appeal his conviction or sentence.  Pet. 3, ECF

No. 1.  Petitioner filed a state post-conviction habeas

application challenging his guilty plea and sentence.  In

recommending that relief be denied, the state habeas judge, who

also presided over petitioner's trial, found that–

> there are no controverted, previously unresolved facts
> material to the legality of . . . applicant's
> confinement, that the . . . applicant's claims are not
> proper claims for habeas corpus relief, and that all of
> the claims for relief raised in said application are
> without merit.

Adm. R., Writ 35, ECF No. 17-1.  The application was forwarded to

the Texas Court of Criminal Appeals, which denied the application

without written order.  *Id.*

## II.  Issues

In this federal petition, petitioner raises two grounds for

relief, wherein he claims that (1) his sentence is illegal and

excessive and (2) his trial counsel was ineffective by failing to

know the law as it applied to DWI enhancement, thus rendering his

plea involuntary.  Pet. 6, ECF No. 1.

## III.  Rule 5 Statement

Respondent believes that the petition is neither barred by

limitations nor subject to the successive-petition bar and that

petitioner has exhausted his state remedies as to the claim

presented as required by 28 U.S.C. § 2254(b).  Resp't's Ans. 3,

ECF No. 18.

## IV.  Legal Standard for Granting Habeas Corpus Relief

A § 2254 habeas petition is governed by the heightened

standard of review provided for in the Anti-Terrorism and

Effective Death Penalty Act (AEDPA).   28 U.S.C. § 2254.   Under

the Act, a writ of habeas corpus should be granted only if a

state court arrives at a decision that is contrary to or an

unreasonable application of clearly established federal law as

established by the Supreme Court or that is based on an

unreasonable determination of the facts in light of the record

before the state court.   28 U.S.C. § 2254(d)(1)-(2); *Harrington*

*v. Richter,* 562 U.S. 86, 100 (2011).   This standard is difficult

to meet and "stops short of imposing a complete bar on federal

court relitigation of claims already rejected in state

proceedings."   *Harrington*, 562 U.S. at 102.

The statute further requires that federal courts give great

deference to a state court's factual findings.   *Hill v. Johnson,*

210 F.3d 481, 485 (5th Cir. 2000).   Section 2254(e)(1) provides

that a determination of a factual issue made by a state court

shall be presumed to be correct.   The presumption of correctness

applies to both express and implied factual findings.   *Young v.*

*Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,*

274 F.3d 941, 948 n.11 (5th Cir. 2001).   Absent express findings,

a federal court may imply fact findings consistent with the state

court's disposition.   *Townsend v. Sain,* 372 U.S. 293, 314 (1963);

*Pondexter v. Dretke,* 346 F.3d 142, 148 (5th Cir. 2003); *Catalan*

4

*v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002). Further,

when the Texas Court of Criminal Appeals denies a federal claim

in a state habeas corpus application without written opinion, a

federal court may presume "that the state court adjudicated the

claim on the merits in the absence of any indication or state-law

procedural principles to the contrary" and applied the correct

"clearly established federal law" in making its decision.

*Johnson v. Williams,* — U.S. —, 133 S. Ct. 1088, 1094 (2013);

*Harrington,* 562 U.S. at 99; *Schaetzle v. Cockrell,* 343 F.3d 440,

444 (5th Cir. 2004).

## V.  Discussion

Under his first ground, Petitioner claims that the

enhancement of his current misdemeanor conviction to felony

status under Texas Penal Code § 49.09(b) and the enhancement of

his sentencing range under Texas Penal Code § 12.42(d), the

state's general recidivist statute, is illegal and excessive.

TEX. PENAL CODE ANN. §§ 49.09(b) & 12.42(d) (West Supp. 2014).

According to petitioner (all misspellings and grammatical errors

in the original),

> he was denied due process, when he was illegally
> enhanced according to Penal Code 12.42, when Penal
> 49.09 is a specific enhancement provision for enhanced
> punishment and penalties. As such, only prior DWI that
> involved driving, boating or aircraft while intoxicated
> could be use.

Pet. 6, ECF No. 1.   Petitioner appears to argue that both

enhancement statutes cannot be used in conjunction with one

another and that his prior felony conviction for unlawful

delivery of a controlled substance-a "non-intoxicated

offense"-could not be used to enhance his instant offense.

Pet'r's Mem. 3-5, ECF No. 2.

Section 49.09(b) provides in relevant part that "[a]n

offense under Section 49.04 [which criminalizes DWI] . . . is a

felony of the third degree if it is shown on the trial of the

offense that the person has previously been convicted: . . . (2)

two times of any other offense relating to the operating of a

motor vehicle while intoxicated . . . ."   *Id.* § 49.09(b).

Section 12.42(d), the state's general enhancement provision,

provides, in relevant part-

> [I]f it is shown on the trial of a felony offense other
> than a state jail felony ... that the defendant has
> previously been finally convicted of two felony
> offenses, and the second previous felony conviction is
> for an offense that occurred subsequent to the first
> previous conviction having become final, on conviction
> the defendant shall be punished by imprisonment in the
> Texas Department of Criminal Justice for life, or for
> any term of not more than 99 years nor less than 25
> years.

*Id.* § 12.42(d).

In this case, petitioner pleaded guilty to felony DWI, a

third-degree felony. *Id.* § 49.09(b). Petitioner pleaded "true" to having been twice previously and sequentially convicted for two felonies. Thus, the range of punishment was enhanced to no less than 25 years nor more than 99 years, or life. *Id.* § 12.42(d). For purposes of § 12.42(d) it was not necessary that the prior felony convictions be DWI-related convictions. Non-DWI convictions can be used to enhance a felony DWI sentence under § 12.42(d). *Duhr v. Collins,* No. 93-8169, 1994 WL 122213, at *8 (5th Cir. Mar. 29, 1994).

Further, subsection 49.09(g) of the DWI enhancement provision expressly states, "A conviction may be used for purposes of enhancement under this section *or* enhancement under [the general enhancement provisions in] Subchapter D, Chapter 12, but not under both this section and Subchapter D." *Id.* § 49.09(g) (emphasis added). It is undisputed that petitioner's two 1977 misdemeanor DWI convictions were alleged for enhancement purposes under section 49.09, while his 2011 felony DWI and his 1990 felony drug-related convictions were alleged for enhancement purposes under § 12.42(d), so that none of petitioner's previous convictions were alleged for enhancement under both sections. Therefore, under the plain language of § 49.09(g), petitioner's enhanced sentence comports with state law.

Nevertheless, a state prisoner seeking federal review pursuant to § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994). The issue of whether or not a defendant's prior convictions are properly used for enhancement purposes is solely a question of state law. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995); *Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones*, 445 F.2d 601, 606 (5th Cir. 1971); *Ware v. Dretke*, No. 3:02-CV-2151-N, 2005 WL 701035, at *2 (N.D.Tex. Mar.23, 2005), *adopted,* 2005 WL 1025964 (N.D.Tex. Apr. 28, 2005). Claims based solely on state law are generally not cognizable in a § 2254 proceeding, and a federal court must typically defer to the state courts' interpretation and application of its own statutes. *Woodfox v. Cain*, 609 F.3d 774, 816 (5th Cir. 2010). Moreover, with few exceptions, the constitutionality of enhancement statutes such as § 12.42(d) has been upheld against claims that they violate "constitutional strictures dealing with double jeopardy, ex post facto law, cruel and unusual punishment, due process, equal protection, and privileges and immunities." *Parke v. Raley*, 506 U.S. 20, 27 (1992) (quoting *Spencer v. State of Tex.*, 385 U.S. 554, 560 (1967)). Petitioner's 28-year sentence did not exceed the maximum authorized by state law nor

is it grossly disproportionate in light of the gravity of the offense and petitioner's criminal history. *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991).

Finally, because counsel correctly informed petitioner of the range of punishment, his performance cannot be termed deficient under the familiar *Strickland* standard. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

In summary, petitioner has failed to allege, much less demonstrate, that the state courts' decision to deny his claims as presented in his state application for habeas corpus was in conflict with clearly established federal law as determined by the Supreme Court or was based on an unreasonable determination of the facts in light of the evidence before the state courts. 28 U.S.C. § 2254(d).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not

made a substantial showing of the denial of a constitutional

right.

      SIGNED September ___, 2015.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE